UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOUHAMADOU DIME,** | Civil Action No. 15-1410 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **OSCAR AVILES,** | |
| Respondent. | |

**SUSAN D. WIGENTON, United States District Judge**

This matter comes before the court on the request of Petitioner, Mouhamadou Dime, to proceed *in forma pauperis* and for the appointment of pro bono counsel, (ECF No. 1); regarding his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, the Court grants Petitioner's request to proceed *in forma pauperis* but denies the request for pro bono counsel, without prejudice.

**I.  Background**

Petitioner alleges the facts surrounding his claims are as follows.  Petitioner is a citizen and national of Senegal who was admitted to the United States at New York, NY, on or about December 31, 2010 as a student non-immigrant.  (ECF No. 1, p. 14).  Petitioner failed to maintain his enrollment in a full course of study, and his student non-immigrant status was therefore terminated on May 4, 2012.  (ECF No. 1, p. 14).  A notice to appear before an immigration judge was issued for Petitioner on February 11, 2014.  (ECF No., p. 14).  Petitioner was thereafter arrested and detained on May 23, 2014, by Immigration and Customs Enforcement (ICE) officers.  (ECF No. 1, p. 11).  Petitioner was ordered removed on June 19,

2014. (ECF No. 1, p. 11, 17). Petitioner has, since the order of removal, remained in the custody of ICE and is currently detained in the Hudson County Correctional Center. (ECF No. 1, p. 2). Petitioner alleges that, in spite of his cooperation with ICE officials, including the signing of several consent forms, ICE remains unable to procure travel documents from Senegal. (ECF No. 1, p. 11). Petitioner therefore claims that his continued incarceration violates his Due Process rights.[1] (ECF No 1, p. 11-12).

## II. Discussion

There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254; *see also Smith v. Angelone*, 111 F.3d 1126, 1133 (4th Cir. 1997); *Williams v. Turpin*, 87 F.3d 1204, 1210 (11th Cir. 1996). A court may appoint counsel for any financially eligible person seeking relief under the federal habeas statutes "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court may, in its discretion, likewise appoint counsel to any indigent civil litigant proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1). The factors the court must examine under either statute are largely the same. *Compare Reese*, 946 F.2d at 263 (relying on § 3006A(g)); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (same) with *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (articulating standard under §1915); *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996) (same).

---

[1] Although Petitioner presents his claim as two independent grounds for a writ based on his continued detention following an order of removal without a hearing to his satisfaction, the two grounds appear to read together as a single claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The district court must first determine whether the petitioner has presented a non-frivolous claim.  *See Reese*, 946 F.2d at 263-64; *accord Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see also Cuevas v. United States*, 422 Fed. Appx. 142, 144 (3d Cir. 2011); *Parham*, 126 F.3d at 456-57.  If the court finds petitioner's claim non-frivolous, it must next determine whether the appointment of counsel will benefit both the petitioner and the court.  *Reese* 946 F.2d at 264; *Parham* 126 F.3d at 457.  The factors to which a court must look in making that determination include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims, the amount a case is likely to turn on credibility determinations, whether expert witness testimony will be necessary, and whether plaintiff can attain and afford counsel on his behalf.  *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *accord McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Parham*, 126 F.3d at 457-58; *Cuevas*, 422 Fed. Appx. at 144-45.  For example, courts have held that there was no abuse of discretion when a court did not appoint counsel where no evidentiary hearing was required and the issues in the case had been narrowed, *see Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990), or the issues were "straightforward and capable of resolution on the record," *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions,"  *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

While Petitioner's claim here does not appear frivolous, and Petitioner's financial situation warrants permitting him to proceed *in forma pauperis*, Petitioner's filings provide no indication that he fails to fully comprehend the issues he presents in his § 2241 petition.  Petitioner has ably and coherently presented his claims, and this Court finds that the issues raised by Petitioner are neither factually nor legally complex.  Petitioner has presented a

straightforward claim challenging his continued detention pending deportation following an order of removal, *see Zadvydas v. Davis*, 533 U.S. 678 (2001).  As the issues raised are capable of resolution on the administrative record to be provided by respondents, there is little, if any, need for discovery to be undertaken by Petitioner.  Likewise, it is highly unlikely that any expert testimony is necessary, nor is the case likely to depend heavily on credibility determinations.  As such, Petitioner has not established facts sufficient to compel the appointment of counsel in the interests of justice, and this Court declines to exercise its discretion to assign pro bono counsel at this time.

### III.  CONCLUSION

For the reasons stated above Petitioner's request for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE.  An appropriate Order follows.

March 10, 2015                                                *s/ Susan D. Wigenton*
                                                              SUSAN D. WIGENTON
                                                              United States District Judge